UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMAL LEWIS                                          CIVIL ACTION

VERSUS                                               NO. 15-3014

PROGRESSIVE COUNTY MEDICAL                           SECTION "B"(2)
INSURANCE COMPANY AND TERRANCE
HARRIS

ORDER AND REASONS

Before the Court is a Motion to Remand by Plaintiff, Jamal Lewis ("Plaintiff").[1] Plaintiff moves the Court for an order remanding the case based upon the stipulation that his claims in this matter do not exceed $75, 000. Defendant, Progressive County Mutual Insurance Company ("Progressive") (improperly named as "Progressive Paloverde Insurance Company") and Terrance Harris, oppose remand.[2] Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

I.  BACKGROUND

Plaintiff filed suit against Progressive Paloverde Insurance Company and Terrance Harris in Civil District Court for the Parish of Orleans, State of Louisiana in June of 2015.[3] Plaintiff's original Petition for Damages alleged that, on or

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 7.
[3] Rec. Doc. No. 1-1 at 1.

about December 29, 2014, he was operating a 2007 GMC Yukon, and traveling southbound on Convention Center Blvd., in New Orleans, in the right traffic lane. Harris' suddenly and abruptly cut in front of Plaintiff, striking the GMC, and resulting in personal injuries to Plaintiff.[4] At the time of the accident, Harris was insured by Progressive.[5] Plaintiff's original Petition states: "Petitioner, Jamal Lewis' claim exceeds $75,000," and itemizes damages, as a result of Harris' negligence, in the form of past physical pain, disability, past medical expenses, and other damages.[6]

On July 28, 2015, Progressive filed a Notice of Removal of this matter in the U.S. District Court for the Eastern District of Louisiana, invoking this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441 and 18 U.S.C. § 1332 over this matter.[7]

On August 18, 2015, Plaintiff filed a Motion to Remand, based upon the stipulation that his claims do not exceed the $75,000 jurisdictional amount.[8] In opposition to remand, Defendants argue that it is "facially apparent from the petition

---

[4] Rec. Doc. No. 1-1 at 1, 2.
[5] Rec. Doc. No. 1-1 at 1.
[6] Rec. Dc. No. 1-1 at 3.
[7] Plaintiff is a resident of Louisiana. Progressive is incorporated in Ohio, is wholly owned by Drive Insurance Holdings, Inc., is is incorporated in Delaware, and which in turn is wholly owned by The Progressive Corporation, which is incorporated in Ohio. Terrance Harris is a resident of the state of Texas.
[8] Rec. Doc. No. 6 at 1.

2

that the amount in controversy exceed[ed] $75, 000 at the time of removal."[9] Defendants argue that "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[10]

## II. LAW AND ANALYSYS

### a. Standard of Law: Removal Jurisdiction

A defendant's right to remove is strictly statutory in nature. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Syngenta Corp. Production, Inc. v. Henson*, 537 U.S. 28, 32 (2002)(citing *Great N.R. Co. v. Alexander*, 246 U.S. 276 U.S., 280 (1918))("The right of removal is entirely a creature of statute."). The general removal statute governing civil actions provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants....28 U.S.C. § 1441(a)(emphasis added).

Per § 1441(a), a defendant may remove a state court action to federal court only if the action could have originally been filed in federal court. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989)(*citing Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987); 28 U.S.C. § 1441). Thus, the propriety of removal is keyed to the original jurisdiction of

---

[9] Rec. Doc. No. 7 at 3.
[10] Rec. Doc. No. 7 at 3.

3

the federal district courts and consideration of a motion to remand a case removed from state court presents issues of subject matter jurisdiction and statutory construction. *Carpenter*, 44 F.3d at 365-66 (citing *Garrett v. Commonwealth Mort. Corp. of Am.,* 938 F.2d 591, 593 (5th Cir. 1991)).

The burden of establishing subject matter jurisdiction in federal court rests with the party seeking to invoke it. *St. Paul reinsure. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)(citing *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253-54 (5th Cir. 1961)).

  b. <u>18 U.S.C. § 1332 Diversity Jurisdiction</u>

The amount in controversy is at issue in this case. The U.S. Fifth Circuit Court of Appeals has established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). *Gebbia*, *v. Walmart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999)). Because, Louisiana law prohibits a plaintiff from specifying the numerical value of their damages in its petition, the removing party must prove that the amount in controversy exceeds $75,000

by a preponderance of the evidence.[11] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002).

A defendant may satisfy the burden by either: (1) demonstrating that it is facially apparent that the claims are likely to exceed $75,000 or (2) by relying on summary-judgment type evidence of facts in controversy that establish the jurisdictional amount. *Luckett*, 171 F.3d at 298. The jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia*, 233 F.3d at 883.

It is facially apparent from Plaintiff's Petition for Damages, which states **"Petitioner, Jamal Lewis' claim exceeds $75, 000,"** that the jurisdictional amount was met at the time of removal. Further, Plaintiff seeks damages as follows:

A. Past physical pain, suffering and discomfort;

B. Past mental anguish, aggravation, and annoyance

C. Disability

D. Future physical pain, suffering, and discomfort

E. Future mental anguish, aggravation, and annoyance;

F. Past medical expenses;

G. Future medical expenses

H. Loss of enjoyment of life

---

[11] La. Code Civ. Proc. Ann. art. § 893 provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand"; however, further provides that, "except that if a specific amount of damages is necessary to establish the jurisdiction of the court…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."

    I. Loss of use and/or function of parts of their body;

    J. Bodily disability;

    K. Impairment of psychological functioning

    L. Disability from engaging in recreation;

    M. Destruction of earning capacity

    N. Loss of support;

    O. Loss of society;

    P. Loss of consortium;

    Q. Any and all other damages proven at a trial of this matter.[12]

Defendants have carried their burden of proof upon removal, and the amount in controversy is not ambiguous after considering the original petition. The issue is whether Plaintiff's present stipulation that the amount-in-controversy does not exceed $75,000 mandates remand of this matter back to the state court for lack of subject matter jurisdiction. Such post removal stipulation filed by Plaintiff cannot be considered because Defendants have carried their burden of proof. *See Allen v. Empire Indem. Ins. Co.*, 2010 WL 60239, at *1 (M.D. La. Jan. 7, 2010)(finding that Defendant carried its burden of proof upon removal and disregarding post-removal stipulation filed by the plaintiff); *Guillory v. Chevron Stations, Inc.,* 2004 WL 1661201 (E.D. La. 2004)(Given that the amount in controversy was not

---

[12] Rec. Doc. No. 1-1 at 2-3.

facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000.00 was in controversy, the court credited the plaintiff's post-removal affidavit); *Easley v. Pace Concerts,* 1999 WL 649632 (E.D. La. 1999)(similarly crediting a plaintiff's stipulation that damages did not meet the jurisdictional minimum for diversity); *De Aguilar v. Boeing Co. [De Aguilar II],* 47 F.3d 1404, 1406 (5th Cir . 1995)("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); *Jackson v. Markel American Insurance Co.,* 1998 WL 527230 (N.D. Miss. 1998)(Where the court found it doubtful, based upon the face of the complaint and the evidence presented by the defendant, that the plaintiff would recover in excess of $75,000.00, the court held that it was appropriate to consider the plaintiff's affidavits and statement of intent to recover below the federal jurisdictional minimum).

Accordingly, because it is facially apparent from the petition that the jurisdictional minimum is in controversy and Plaintiff has not demonstrated to a legal certainty that he will be unable to recover the jurisdictional minimum in this matter, Plaintiff's present motion to remand should be denied.

### III. CONCLUSION

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that Defendants Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 14th day of September, 2015.

                                              UNITED STATES DISTRICT JUDGE